IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AARION JENKINS,

                Petitioner,

v.                                          OPINION and ORDER

WARDEN EMMERICK,                             24-cv-476-wmc

                Respondent.

---

Aarion Jenkins, who is representing himself, is a prisoner in the custody of the Federal Bureau of Prisons currently housed at the Federal Correctional Institution in Oxford, Wisconsin. He has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his conviction for conspiracy to distribute more than 50 kilograms of marijuana. He argues that his conviction violates his constitutional rights because marijuana is not a dangerous substance. This court cannot grant Jenkins relief under § 2241, so his petition will be denied.

OPINION

Jenkins' challenge to his conviction cannot be raised in a § 2241 habeas petition. Section 2241 relief is generally limited to issues regarding the execution of a sentence—for example, parole administration, good-time credits, prison transfers, and the like. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). To challenge the validity of a conviction, as Jenkins seeks to do, a prisoner ordinarily must file a direct appeal or a motion under 28 U.S.C. § 2255 in the sentencing court. Only in rare cases can a prisoner challenge his conviction or sentence with a § 2241 petition, instead of a § 2255 petition, through the so-called "savings

clause" contained in the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2255(e). But the circumstances in which the saving clause applies are narrow and "cover[] unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court" in a § 2255 motion. *Jones v. Hendrix*, 599 U.S. 465, 474 (2023) (giving examples such as the dissolution of the sentencing court).

Jenkins filed neither a direct appeal nor a § 2255 postconviction motion. But a petitioner's own failure to file a timely § 2255 motion does not render § 2255 relief "inadequate or ineffective" under the savings clause. *Poe v. LaRiva*, 834 F.3d 770, 772 (7th Cir. 2016) (Availability of § 2241 relief under the savings clause "generally requires a structural problem in § 2255 that forecloses even one round of effective collateral review, unrelated to the petitioner's own mistakes." (internal quotation omitted and alteration adopted)); *Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007) ("A prisoner cannot be permitted to lever his way into section 2241 by making his section 2255 remedy inadequate . . . ." (emphasis in original)). Because Jenkins cannot use the savings clause to obtain § 2241 relief, the court will deny his habeas petition.

The only remaining question is whether to issue a certificate of appealability. The court is not required to consider a certificate of appealability for petitions brought under § 2241, but the court will consider the issue because Jenkins' petition should have been brought under § 2255. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller El v.*

*Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).  Because no reasonable jurist would debate the outcome here, the court will not issue Jenkins a certificate of appealability.  He may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.,

ORDER

IT IS ORDERED that:

1) Petitioner Aarion Jenkins' petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DISMISSED.

2) Petitioner is DENIED a certificate of appealability.

3) The clerk of court is directed to enter judgment and close this case.

Entered October 24, 2024.

BY THE COURT:
/s/

_____
WILLIAM M. CONLEY
District Judge